[No. 8,494. In Bank.—August 26, 1884.]

ANDREW I. SWEETSER, EXR., ET AL., APPELLANTS, *v.*
WILLIAM J. DOBBINS, RESPONDENT.

VERDICT IN EQUITY CASE—FINDINGS—INSTRUCTIONS.— Where special issues in an equity case are submitted to a jury ,the verdict is only advisory to and not binding upon the court, and erroneous instructions to the jury will not be reviewed on appeal if the court disregards the verdict and finds the facts for itself.

APPEAL from a judgment of the Superior Court of Solano County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George A. Nourse,* for Appellants.

*J. F. Wendell,* for Respondent.

McKEE, J.—This was an action on the equity side of the court for the reformation of a deed. Questions were framed and submitted to a jury, the answers to which were returned and filed as a special verdict. No order was made setting aside

the verdict; but as appears from the record, the court, "upon the verdict and the testimony in the case," made and filed a written decision in accordance with sections 632 and 633 of the Code of Civil Procedure, in which it found, as a fact, that the deed sought to be reformed truly expressed the intention of the parties to it, and there was no mistake in its execution; and therefore, as a conclusion of law, the defendant was entitled to judgment.

Upon a certified statement of the case, the plaintiff moved for a new trial, on the ground that the verdict and decision were not sustained by the evidence, and of error of law occurring at the trial; and from an order denying the motion, this appeal is taken.

The principal assignment of error is that the court erroneously instructed the jury as to the degree of evidence requisite to prove the facts involved in the issues submitted to them. Appellant contends that by subdivision 5 of section 2061 of the Code of Civil Procedure, the legislature has changed the rule of the old courts of equity, as to the proof necessary to establish the issue in an action for the reformation of a deed or other instrument in writing; and that now, under the working of the Code rule, instead of having to prove the fact at issue by evidence clear and convincing, or beyond a reasonable doubt, as the court charged the jury in the case, it is only requisite to prove it by a preponderance of evidence. But the questions invoked by the contention do not necessarily arise out of the record, for although special issues were submitted to the jury that, under the instructions of the court, returned a verdict, yet the verdict and the instructions upon which it may be said to have been predicated, were disregarded by the court in the determination of the case; and the action of the court in that regard was not error.

For, as has been repeatedly held before and since the adoption of the Codes, the verdict of a jury, with respect to controverted facts arising in an equity case, is not conclusive upon the questions submitted, but merely advisory in its character; and the judge may, when satisfied that truth and justice require it, set aside the verdict and order a new trial, or may qualify or alter any of its special findings, or disregard it, in whole or in part,

and find the facts for himself.   Or he may approve them in whole or in part, and if approved, they become, by adoption, the findings of the court.

It was therefore a proper exercise of authority for the judge in this case, to examine the evidence in the case for himself and determine the questions at issue between the parties according to the weight of evidence, notwithstanding the proceedings taken with the jury and the verdict returned; and having, in the exercise of that authority, made and filed his written decision, in which the facts found corresponded with the verdict of the jury, error cannot be predicated of his findings, if they are sustained by the evidence, notwithstanding the previous instructions to the jury; for, having the right to disregard the verdict, he had also the right to disregard the instructions to the jury that rendered the verdict.

It is true that the decision of the court and the verdict of the jury were in harmony; but the decision of the court is the judgment of the court; and this judgment was warranted by the evidence or it was not.   If it was not, a new trial should be granted.   If it was, it cannot be reversed, except upon other grounds.

Appellant concedes there was a substantial conflict in the evidence upon which the court rendered its decision.   That being the case, we must accept the facts found by the court to have been satisfactorily proved; and if the court has logically drawn from them the legal conclusion upon which its judgment is founded, it cannot be predicated of the decision or finding, that it is not sustained by the evidence or that it is against law.

Accepting the finding of the court as conclusive of the facts, the decision of the court is unquestionable.   The judgment entered follows the decision; allegations and proofs, findings and judgment, therefore agree, and there is no error in the record of which we can take cognizance.   (*Still* v. *Saunders*, 8 Cal. 287; *Wilson* v. *Wilson*, 64 Cal. 92.)

Judgment and order affirmed.

MORRISON, C. J., MYRICK, J., SHARPSTEIN, J., ROSS, J., and McKINSTRY, J., concurred.