HAGGIN, RESPONDENT, *v.* SAILE ET AL., APPELLANTS.

[Submitted April 3, 1893.   Decided January 29, 1894.]

APPEAL—*New trial.*—An order granting a new trial will not be reversed on appeal when, upon consideration of the evidence and assignments, no abuse of discretion appears.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION for injunction. Defendants had judgment below. Plaintiff's motion for a new trial was granted by DURFEE, J. Affirmed.

*Forbis & Forbis,* for Appellants.

*M. Kirkpatrick,* for Respondent.

PEMBERTON, C. J.—This case involves a dispute as to priority of right to the use of the water flowing through Glover cañon, situate in Deer Lodge county. Plaintiff sought to enjoin defendant from interfering with his alleged prior right to the use of said water.

The case was tried to the court and a jury. The jury returned special findings in favor of defendants, which findings the court adopted, and rendered judgment accordingly, to the effect that defendants are entitled to all of the water in question, prior to the claim of plaintiff. Plaintiff then moved the court, upon a statement of the case, for a new trial, which motion was by the court granted. From that order defendants prosecute this appeal.

Plaintiff claims title to said water by virtue of the appropriation thereof by one Alexander Glover, in 1872, and use thereof continuously, until 1883, when he sold and conveyed the same, together with a parcel of land, to plaintiff; and further use of said water by plaintiff. Defendants concede that said Alexander Glover had a valid appropriation of said water, and conveyed the same to plaintiff as aforesaid. But defendants contend that plaintiff had abandoned, and neglected to use, said water, and that defendants had appropriated said water, and used the same continuously for the period of more than five years, adversely to the claim of plaintiff. A review

of the record discloses the fact that defendants' claim to the prior right to the use of said water depends upon the alleged fact of abandonment thereof by plaintiff, and the adverse use and enjoyment thereof by defendants during the period of five years limitation; and further discloses that if the use made of such water after purchase by plaintiff, upon his lands, in the operation of making brick, carried on by one Campbell, under contract, was a use by or on behalf of plaintiff, then the claim of adverse possession set up by defendants fails. ̄ Appellants admit that the case as here presented, on the question whether the court was justified, or abused its discretion, in granting a new trial, depends upon a review and construction of the testimony of said Campbell, who was engaged in manufacturing brick upon the land of plaintiff, and by the use of said water thereon, under contract.

The very situation under which we must review this case, if it is to be returned for another trial, precludes a discussion as to the force of the evidence upon the vital points in the case. We therefore refrain from such discussion. We have carefully considered the evidence and assignments set forth in the record, and cannot find therefrom that the evidence upon the important points in the case is so clear as to warrant us in reversing the order of the trial court granting a new trial. In order to justify us in reversing the order of the trial court granting a new trial it must appear that there was an abuse of judicial discretion on the part of the trial court in granting such motion. This we do not find. The order appealed from will therefore be affirmed.

HARWOOD, J., concurs.