GALLAGHER ET AL., RESPONDENTS, v. CORNELIUS ET AL., APPELLANTS.

[No. 1,095.]

[Submitted April 20, 1899. Decided June 5, 1899.]

*Appeal—Jurisdiction—Dismissal—Review — Record — Trial by Referee—Findings—New Trial—Contract of Indemnity—Municipal Corporations—Defense.*

1. An appeal from a judgment, not taken within one year after its entry, as required by Compiled Statutes 1887, Division 1, Section 421, and Code Civil Procédure 1895, Section 1723, will be dismissed for want of jurisdiction.
2. Where it does not appear from the record that appellant requested findings in writing by a referee, as required by Code Civil Procedure, Section 1114, as a condition to reversal for want of findings, he cannot complain of the referee's failure to make findings.
3. Unless objections and exceptions to findings of a referee, for defects therein, are settled in a bill or statement, as required by Code Civil Procedure, Section 1115, they are not properly a part of the transcript on appeal, and will not be considered.
4. Errors of law on appeal from an order refusing a new trial cannot be reviewed where a specification of such errors was omitted from the statement of the case on the motion therefor.
5. That an alderman made an illegal contract with a city to construct a sewer is no defense to his contract to indemnify a third person for his payment of debts incurred in its construction, and expenses in excess of the stipulated price in completing the sewer according to contract.

*Appeal from District Court, Cascade County; C. H. Benton, Judge.*

Action by P. B. Gallagher, and another against J. W. and Minnie Cornelius, in which Morgan Cornelius intervened. From a judgment in favor of plaintiffs, and from an order refusing a new trial, defendants and the intervener appeal. The appeal from the judgment is dismissed, and the order is affirmed.

*Mr. T. E. Brady, Mr. James Donovan, Mr. F. A. Merrill* and *Mr. M. M. Lyter,* for Appellants.

PER CURIAM.—This action was brought to foreclose a lien in the nature of a mortgage upon certain real and personal

property alleged to have been transferred to the plaintiffs by the defendants, J. W. Cornelius and Minnie Cornelius, as security for the indemnity and protection of the plaintiffs against any loss or damage resulting to them from the payment by them of certain debts theretofore incurred by J. W. Cornelius in the part performance of a certain contract for the construction of a sewer, awarded by the City of Great Falls to one Scotten for the secret benefit of J. W. Cornelius, who was the real contractor, and from outlay incident to the completion by them of said sewer at the request of J. W. Cornelius, and upon his express promise to reimburse them for all expense in excess of the price stipulated to be paid by the city for the faithful performance of the contract by Scotten. The plaintiffs, in pursuance of the request of the defendant J. W. Cornelius, paid for him the said debts, and completed the sewer according to the terms of the contract. The complaint seeks also a personal judgment against J. W. Cornelius for $6,348.14, that sum being the difference between the said contract price and the total of the expenses paid by the plaintiffs. Several defenses were pleaded by the defendants, J. W. Cornelius and Minnie Cornelius. Morgan Cornelius intervened, claiming to own the horse "Montana Sneak" and the steamboat "Minnie," which were included in the bill of sale made by defendants, J. W. Cornelius and Minnie Cornelius, to the plaintiffs. The case was tried by a referee, who found for the plaintiffs, and a judgment was entered in their favor. The defendants moved for a new trial, which was denied, and they appeal from the order refusing a new trial and from the judgment. Respondents have not appeared in this court.

1. The attempted appeal from the judgment must be dismissed for want of jurisdiction. The judgment was entered on the 15th day of October, 1895, and the notice of appeal was filed and served on the 2d day of March, 1897,—more than one year after its entry. Section 421, First Division, Compiled Statutes 1887 (Sec. 1723, Code of Civil Procedure, 1895.)

2. The defendants complain of the failure of the referee

to make express findings on every issue, and they contend the findings that were made are defective.    But it does not appear that the defendants requested findings in writing, as is required by Section 1114 of the Code of Civil Procedure.    It is true, there is inserted in the transcript a paper containing objections and exceptions made by defendants to the findings for defects therein; but this paper is improperly in the transcript, and will not be considered, for the reason that it is not settled in any bill or statement.    Sections 1114, 1115, Code of Civil Procedure.

3.    Insufficiency of the evidence to justify the decision, and errors in law occurring at the trial, are the grounds upon which, in their notice of intention, the defendants say they will move for a new trial; but the omission from the statement of the case on such motion of any specification of errors in law restricts our investigation to a consideration of the evidence.    The specifications of the particulars in which the evidence is insufficient to justify the findings are in proper form, but they are wholly lacking in substance and in merit.    There is no need of incumbering the opinion with an abstract of the evidence.    Suffice it to say that there was evidence, ample and abundant, tending to prove the truth of every material allegation of the complaint, and the falsity of all those averments of the answers which stated defenses.    A careful reading of the testimony reveals neither failure of proof upon the part of the plaintiffs nor a preponderance of the evidence against them.    On the contrary, examination of the evidence, as it appears in type, inclines us to the view that the referee was clearly right in determining the issues in favor of the plaintiffs, and that the court wisely refused a new trial.

One of the defenses interposed is that the defendant J. W. Cornelius, while an alderman of Great Falls, entered into the contract with that city, which is mentioned in the complaint; that the contract was awarded to said Scotten for the benefit of Cornelius, who was the real party in interest; that plaintiffs well knew these facts, and that the present suit is founded upon certain agreements and conveyances which were made

between the plaintiffs and J. W. Cornelius for the purpose of indemnifying them against loss as sureties upon a bond executed by him and them to secure his performance of the contract theretofore awarded to him (in the name of Scotten) by the city, and to protect them from any pecuniary injury which might thereafter result from their completing the work, — they having, at his request, and because of his inability, subsequently finished the construction of the sewer. The defendants contend that the agreements and conveyances upon which the action at bar is based grew out of, and are so intimately connected with, the contract entered into between the city and Cornelius, as to taint the former with the illegality inherent in the latter. No case declaring such a doctrine to be applicable to the facts here disclosed is cited; indeed, no adjudication or reason whatsoever is called to our attention, or advanced in support of the position. Sections 345, 375, Fifth Division, Compiled Statutes 1887, provide, among other things, that an alderman shall not be a party to nor interested in any contract, or the profits thereof, made by the city or town while he is in office. The sewer contract between the city and Scotten, *alias* Cornelius, was indirectly connected with the transactions out of which the plaintiffs' cause of action arose. The proofs, however, satisfy us that the subject of the present suit is not "contaminated by the turpitude of the offensive" contract. Plaintiffs do not require the aid of the illegal contract to support their case. They are suing upon an express promise by Cornelius to reimburse them for money expended at his request, and upon a new and legal consideration. They may recover independently of the prohibited contract, to which they were not parties, and which is a mere item of evidence, or only an incident. "So, also, if an act in violation of either statute or common law be already committed, and a subsequent agreement entered into, which, though founded thereupon, constituted no part of the original inducement or consideration of the illegal act, such agreement is valid." (Story on Contracts, Sec. 760; 2 Beach on Modern Law of Contracts, Sec. 1416; *Thomas* v. *Brady*, 10 Pa. St.

164, 170; *Armstrong* v. *Toler*, 11 Wheat. 258; 6 Law. Ed. U. S. Sup. Court Rep. 468; *Armstrong* v. *American Ex. National Bank*, 133 U. S. 433, 10 Sup. Court 450.) Nothing in *Morrison* v. *Bennett*, 20 Mont. 560, 52 Pac. 553, or *Northwestern Nat. Bank* v. *Great Falls Opera House Co.*, (this day decided) *ante* 1, 57 Pac. 440, conflicts herewith. The contract sued on in the case at bar is subsequent and collateral to the prohibited contract, and does not partake of the illegality with which the latter was infected.

The appeal from the judgment is dismissed. The order refusing a new trial is affirmed. Let remittitur issue forthwith.

*Affirmed.*