HAGGIN, APPELLANT, *v.* SAILE ET AL., RESPONDENTS.

[No. 1,142.]

[Submitted July 18, 1899.   Decided December 4, 1899.]

*Water Rights — Equity—Injunction—Findings—Exceptions —Implied Findings—Abandonment—Riparian Rights— Instructions.*

1.  The Code of Civil Procedure, 1895, (Sec. 1111 *et seq.*) recognizes the system of implied findings, which applies to equity as well as law cases, under this system a judgment will not be reversed on appeal for defects in the findings unless the losing party has proceeded in accordance with the requirements of the provisions of Sec. 1114 *et seq.*
2.  A defective finding of an abandonment of a water right, in an injunction suit, is not on appeal, ground for reversal of the judgment when the losing party has failed to follow Section 1114 *et seq.* of the Code of Civil Procedure.
3.  A person has no rights as a riparian holder as against one who actually diverts and appropriates water for beneficial uses under statutes recognizing the right of appropriation.
4.  The abandonment of a water right is a question of fact to be determined from the acts and intention of the party who is alleged to have abandoned the right; mere nonuser of a water right by itself does not constitute an abandonment; but a voluntary nonuser of water by a purchaser of a water right, without any intention to resume use thereof, and without the assertion of possession or title for a number of years after purchase, and where such purchaser has permitted the water to be taken, appropriated and used by others adversely for years, warrants an inference of abandonment.
5.  Since findings of a jury in an equity suit are advisory merely, a judgment will not be reversed on appeal for the giving of erroneous instructions, where the court in making its findings of fact, approved some of those found by the jury, and made other findings, all the findings of the court being supported by the evidence.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

INJUNCTION by James B. Haggin against Raimond Saile and another. From a decree in favor of defendants, and from

an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

*Mr. Wm. Scallon, Mr. J. K. McDonald* and *Mr. W. W. Dixon,* for Appellant.

The water right was an appurtenance of the land. (*Sweetland* v. *Oleson,* 11 Mont. 27; *Sloan* v. *Glancy,* 19 Mont. 70, 76.) Upon the question of abandonment appellant refers the court to the following authorities: (*Gassert* v. *Noyes,* 18 Mont. 216; *Smith* v. *Hope Min. Co.,* 18 Mont. 432.) This latter case is also an authority upon what is necessary to constitute adverse possession. And upon the question that the court must not instruct the jury upon questions of fact. See *Wastl* v. *M. U. R. Co.,* 17 Mont. 213; *Knowles* v. *Nixon,* 17 Mont. 473; *McShane* v. *Kenkle,* 18 Mont. 208. Appellant refers to the following authorities, as to what is necessary to constitute an adverse possession, and calls the attention of this Court to the fact that in all the instructions upon this point given by the court below, as well as in the finding upon this question made by said court, the necessity of the adverse possession being continued is nowhere mentioned, although this continuity is one of the essential elements of adverse possession: (*San Francisco* v. *Fulde,* 37 Cal. 349; *Griggsby* v. *Clear Lake Water Co.,* 40 Cal. 396; *Hanson* v. *McCue,* 42 Cal. 303; *Cave* v. *Crafts,* 53 Cal. 135; *Anaheim Water Co.* v. *S. T. Water Co.,* 64 Cal. 185; *Paige* v. *Rocky Ford Co.,* 83 Cal. 84; *Alta L. & W. Co.* v. *Hancock,* 85 Cal. 219; *Last Chance Co.* v. *Heilbron,* 86 Cal. 1.) The court erred in its instructions because it instructed the jury upon questions of fact and in regard to the credibility of witnesses, whereas all these matters are purely within the province of the jury and should not be commented upon by the court, nor should the court instruct the jury in relation to these matters. See *Wastl* v. *M. U. R. Co.,* 17 Mont. 213 and *Knowles* v. *Nixon,* 17 Mont. 473, above referred to.

*Mr. F. Adkinson* and *Mr. E. Scharnikow,* for Respondents.

This action was one in equity, and so treated by the court below, and by both the plaintiff and defendant. Special issues having been submitted to the jury to make their findings thereon, such findings were advisory only, and therefore such instructions to the jury cannot be considered on appeal. (*Lawlor* v. *Kemper*, 20 Mont. 19; *Sweetser* v. *Dobbins*, 65 Cal. 529, 4 Pac. R. 540; *Evans* v. *Ross*, (Cal.) 8 Pac. Rep. 89.) The lower court adopted the jury's findings, and also added further findings of its own. These are sufficient to sustain the judgment as well as the conclusions of law, and the findings of the court are fully sustained by a clear preponderance of the evidence. The Montana water right laws are in complete derogation of the common law of riparian rights. (Black's Pomeroy on Water Rights, Sec. 106.)

The right of the first appropriator may be lost by the adverse possession of another; and where such other person has had the continued, uninterrupted and adverse enjoyment of the water, or some certain portion of it, for a certain length of time, the law will presume a grant. (Black's Pomeroy on Water Rights, Sec. 98; *Union Water Co.* v. *Crary*, 25 Cal. 504, 85 A. D. 145; *Smith* v. *Logan*, 18 Nev. 149, 1 Pac. Rep. 680; *Woolman* v. *Garringer*, 1 Mont. 544.) The burden rests on the party submitting to the adverse user, that the use was by license or permission, and further, that license or permission cannot be presumed, but must be proved. (*Law* v. *McDonald*, 9 Hun. 23; *White* v. *Chapin*, 12 Allen 516.) Adverse possession having once begun, is presumed to continue, in the absence of evidence to the contrary. (*Abbott* v. *Page*, 92 Ala. 571, 9 So. Rep. 333; *Clements* v. *Lampkin*, 34 Ark. 598; *Bodfish* v. *Bodfish*, 105 Mass. 319; *Hesperia Co.* v. *Rogers*, 83 Cal. 10, 23 Pac. Rep. 196; *Walden* v. *Gratz*, 14 U. S. (1 Wheat) 292; *Elyton Co.* v. *McElrath*, 53 Fed. Rep. 763.) Water held and used adversely for five years next before suit is brought, establishes title in the user. (*Smith* v. *Green*, 109 Cal. 228, 41 Pac. Rep. 1022; *Cox* v. *Clough*, 70 Cal. 345, 11 Pac. Rep. 733; *Davis* v. *Gale*, 32 Cal. 35; *American Co.* v. *Bradford*, 27 Cal. 366.) Disseisin may be

proven by evidence of open and exclusive possession, claiming title against all persons whomsoever, without proof of actual notice to the disseisee. (*Samuels* v. *Borrowscales*, 104 Mass. 207; *Wilson* v. *Williams*, 52 Miss. 493.) It is not necessary that the adverse character of defendants' possession should be brought home to the actual knowledge of plaintiff by affirmative proof. If the defendants' possession is adverse to all others, open and notorious, it is sufficient in its character, whether plaintiff knew the facts or not. (*Scruggs* v. *Scruggs*, 43 Mo. 142; *Warfield* v. *Lindell*, 38 Mo. 562, 90 A. D. 443; *Murray* v. *Hoyle*, 92 Ala. 559, 9 So. Rep. 368; *Glencoe* v. *Wadsworth*, 48 Minn. 402, 51 N. W. Rep. 378.) A failure to use for a time is competent evidence of abandonment; and if such nonuser continues for an unreasonable period, it may fairly create a presumption of intention to abandon. (*Sieber* v. *Frink*, 7 Colo. 148, 2 Pac. Rep. 901; *Dorr* v. *Hammond*, 7 Colo. 79, 1 Pac. Rep. 693.) Ignorance of adverse holding by defendants, does not excuse the plaintiff. (*Brownson* v. *Scanlan*, 59 Tex. 222; *Key* v. *Jennings*, 66 Mo. 356; *Close* v. *Samm*, 27 Iowa, 503; *School Dist.* v. *Lynch*, 33 Conn. 330.)

**PER CURIAM.**—Action for a perpetual injunction restraining defendants from the use and diversion of the waters of Glover's canyon, in Deer Lodge county. Plaintiff claimed under an appropriation made by one Glover. Defendants denied plaintiff's title, and pleaded title in themselves by appropriation, and also pleaded the statute of limitations. Special issues, including that of abandonment by plaintiff, were submitted to a jury, which issues were found in favor of the defendants. Thereafter the court made findings of its own, wherein certain findings of the jury were adopted, and others made to conform with the court's own views. Conclusions of law were also stated, and upon these the court made a decree that the defendants were the owners of the right to the use of the water in controversy. Plaintiff thereafter moved for a new trial, which motion was overruled. Plaintiff appeals from

the judgment and order overruling the motion for a new trial. The action was commenced August 27, 1888, and has been before this court once before. (*Haggin* v. *Saile et al.*, 14 Mont. 79, 35 Pac. 514.)

We have repeatedly gone over the testimony had upon the trial of this case, giving it our close attention, while considering the argument of appellant that the evidence is insufficient to justify the findings of the court and jury; and our conclusion is that the evidence is sufficient to sustain the finding and conclusion upon the material point that plaintiff abandoned any rights he may have had to the usufruct of the waters in controversy. To set forth the evidence contained in the record upon this question is unnecessary—we merely state the conclusion which we have reached.

It is said the court failed to find abandonment as a fact, but only so found as a conclusion of law. The jury expressly found abandonment, while the court found, as a fact, that after the latter part of 1883 plaintiff never at any time made use for any purpose of any of the waters in controversy; and as a conclusion of law the court stated that plaintiff, prior to the bringing of this suit, abandoned whatever right he had to the use of the water.

Conceding that the finding that the plaintiff never used the waters in controversy after some time in 1883 is defective as a finding of an abandonment, still the plaintiff is in no position to ask a reversal in this Court, because he failed to follow the Code of Civil Procedure, by pointing out the defectiveness of such finding, and because he failed to preserve his exceptions, if there was a failure on the part of the lower court to remedy the defect. The statutes (Section 1114 *et seq.*, Code of Civil Procedure) provide that in cases tried by the court no judgment shall be reversed on appeal for defects in the findings, unless exceptions be made in the court below for a defect in the findings, and, in cases of exceptions for defective findings, the particular point or issue upon which the party requires a finding to be made, or the particular defect to be remedied, shall be ·specifically and particularly designated,

and, upon failure of the court to remedy the alleged defect, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge as in other cases. This rule applies to equity as well as law cases. (Hayne on New Trial & App. Sec. 244.)

It is our opinion that the present Codes (section 1111 *et seq.*) recognize the system of implied findings, and that, under that system, where there are defective findings the judgment appealed from will not be reversed unless requests and exceptions were made and saved. (*Gallagher* v. *Cornelius*, 23 Mont. 27, 57 Pac. 447.) Hayne on New Trial & App. Sec. 238, traces the history of the statutes of California upon the subject of implied findings, and notes the difference between such a system and one of express findings. He demonstrates that, as the Codes are now in this state, it is incumbent upon the losing party to take proper steps to except to the defects in the findings of fact, pointing out the particular omissions of which he complains, and that, if he does not proceed according to the statutory requirements in this respect, he cannot secure a reversal for defects in the findings filed; "all omitted issues being presumed to have been found in favor of the party for whom judgment was rendered." "In consequence of this presumption," he continues (section 239), "the losing party could never have a reversal upon the findings unless they were entirely inconsistent with the judgment, and could not be reconciled with any state of facts which might have been proved, and upon which the judgment might be supported." The presumption then prevails that the omitted issues necessary to supply the defects in the findings upon the abandonment by plaintiff have been found in favor of defendants, so we will not reverse the judgment upon the finding which appears in the record.

The evidence also sustains the finding that during June, 1883, defendant Saile settled upon the land he claims, and made an appropriation of all the waters of Glover's canyon flowing by his home, for agricultural and domestic uses, and that he has used such waters for beneficial purposes upon his land ever since.

These matters are determinative of the case, requiring an affirmance of the order and judgment appealed from. The suggestion that the plaintiff has rights as a riparian holder can have no force as against defendant Saile, who, in June, 1883, actually diverted and appropriated water for beneficial uses under the statutes of the territory recognizing the right of appropriation.

It is said the court erred in its view of the law as to what constituted an abandonment. We do not think so. If we could refer at all to the instructions to the jury, to ascertain the views entertained by the learned judge upon the law of abandonment,—and it is to them that plaintiff goes,—it is disclosed that he regarded it as a question of fact, to be determined from the acts and intention of the party who was alleged to have abandoned the rights in controversy, and such acts and such intention should be gathered from all the facts and circumstances in the case. He did not decide the point against plaintiff upon the theory that mere nonuser of a water right by itself constituted an abandonment, but he proceeded upon the line that a voluntary nonuser of water by a purchaser of a water right, without any intention to resume use thereof, and without the assertion of possession or title for a number of years after purchase, and where such a purchaser has permitted the water to be taken, appropriated and used by others adversely for a period of years, warranted an inference of abandonment. This we believe is thoroughly correct on principle.

It is urged that certain instructions given to the jury were erroneous. But, if they were, we will not reverse a judgment in an equity case because of erroneous instructions upon certain issues, where the court exercised its independent judgment in making its own findings of fact, and where such findings are supported by the evidence, without regard to the issues found by the jury. That is this case, for the verdict of the jury was not conclusive upon the questions submitted, —it was advisory only,—and the judge made his own findings, approving some of those found by the jury, and making

some of his own. By this action, all the findings that he made, whether or not in harmony with those that had been made by the jury, became the court's findings, and, if supported by the evidence, must be upheld, notwithstanding an erroneous charge to the jury. It follows that an erroneous instruction could do plaintiff no injury, if the findings of the court were justified by the evidence, and the determination of that question is made by sifting the facts without regard to the action of the jury. (*Lawlor* v. *Kemper*, 20 Mont. 13, 49 Pac. 398; *Sweetser* v. *Dobbin*, 65 Cal. 529, 4 Pac. 540; *Richardson* v. *City of Eureka*, 110 Cal. 441, 42 Pac. 965.) Possibly exceptional cases may arise where this rule should not be applied, but the present is not one of them. We therefore place our affirmance upon the issue of abandonment, which was decided by the court against plaintiff. This decision is sustained by the evidence.

Various errors are assigned upon rulings in the admission and exclusion of evidence, but we find no error affecting the issue of plaintiff's abandonment.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, took no part in this decision.