CURRIE, Appellant, *v.* MONTANA CENTRAL RY. CO., Respondent.

[No. 1,228.]

[Submitted April 20, 1900. Decided·April 30, 1900.]

| 24 | 123 |
| 26 | 482 |
| 24 | 123 |
| c27 | 256 |
| 24 | 123 |
| 28 | 90 |
| 24 | 123 |
| 32 | 103 |

*Appeal—New Trial—Record on Appeal—Insufficiency of the Evidence to Justify Findings—Implied Findings—Review.*

1. Where the record does not show that the statement on motion for a new trial contains all the evidence, an examination cannot be made, on appeal, of its alleged insufficiency to support a finding of fact.
2. Where appellant claims that the trial court erred in its conclusions of law deduced from its findings of fact, but had failed to point out the particular defects in the findings made by the court, and to save his exceptions, as required by the Code of Civil Procedure, Section 1114, the Supreme Court will not examine into that question.
3. Under the doctrine of implied findings prevalent in Montana, a judgment appealed from will not be reversed unless requests and exceptions were made and saved in accordance with the requirements of the Code of Civil Procedure.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by John G. Currie against the Montana Central

Railway Company.    From a judgment in favor of defendant, plaintiff appeals.    Affirmed.

*Mr. M. D. Leehey* and *Mr. Chas. R. Leonard*, for Appellant.

*Mr. A. J. Shores*, for Respondent.

**PER CURIAM.**—Suit to recover an undivided one-third interest in certain premises, and to be let into possession as a tenant in common with the defendant.    Trial by court.    Findings and judgment for defendant.    Plaintiff appeals from the judgment and an order denying his motion for a new trial.

There is no certificate contained in the record, nor does it otherwise appear, that the statement on motion for a new trial contains all the evidence had upon the trial.    We are therefore precluded from making an examination into the alleged insufficiency of the evidence to justify the findings of the court. (*State* v. *Shepphard*, 23 Mont. 323, 58 Pac. 868.)    This disposes of all of plaintiff's specifications of error, except the last, wherein he specifies that the court erred in its conclusions of law deduced from the findings of adverse possession. While we doubt whether this contention has merit in it under the findings that were made, we will not examine into that question; for plaintiff failed to point out the particular defects—if any there were—in the findings made by the court, and to save his exceptions, as required by the Code.    (Section 1114, Code of Civil Procedure; *Haggin* v. *Saile*, 23 Mont. 375, 59 Pac. 154; *Gallagher* v. *Cornelius*, 23 Mont. 27, 57 Pac. 447.)

Under the prevalent doctrine of implied findings, the judgment appealed from will not be reversed unless requests and exceptions were made and saved.    (*Vide* above authorities.)

We find no error.    Judgment and order appealed from are affirmed.

*Affirmed.*