# YELLOWSTONE NATIONAL BANK OF BILLINGS, APPELLANT, *v.* GAGNON, RESPONDENT.

(No. 1,292.)

(Submitted March 20, 1901.   Decided April 15, 1901.)

*Appeal and Error—Bill of Exceptions—Amendments—Incorporation—Necessity—Signing—Time—Law of the Case—Findings—Objection—Exceptions—Review.*

1.   Where proposed amendments of a bill of exceptions, which were allowed, were not incorporated in the bill, but only appeared in the transcript, they cannot be considered on appeal, since they are not part of the record.
2.   Where proposed amendments to a bill of exceptions, which were allowed by the court, were not incorporated therein, such bill of exceptions will be disregarded on appeal, since the proposed bill and amendments were both necessary to constitute a bill of exceptions.
3.   The trial judge should not certify to the correctness of a proposed bill of exceptions and amendments thereof until after both have been engrossed.
4.   Where, on a prior appeal, defendant's answer was held to state a defense, plaintiff cannot subsequently raise the question that it does not.
5.   In the absence of a compliance with the requirements of Secs. 1114, 1115 of the Code of Civil Procedure, a judgment will not be reversed on appeal though the express findings do not support it, since in such case the presumption obtains that the court impliedly found for the prevailing party upon the issues of fact not covered by the express findings.
6.   Where there is no bill of exceptions (or new trial statement) on appeal, the evidence cannot be examined to ascertain whether it tended to prove the facts found or warranted the court's decision.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by the Yellowstone National Bank of Billings against E. H. Gagnon. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Mr. Gib A. Lane,* for Appellant.

*Mr. O. F. Goddard,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

The plaintiff has appealed from the final judgment in an action upon promissory notes executed by the defendant.

1. A paper entitled "Bill of Exceptions" is by copy included in the transcript. Appended to it is the following certificate by the judge who tried the cause: "The foregoing bill of exceptions is signed, settled and allowed by me this 27th day of June, A. D. 1898, together with the proposed amendments of defendant." Counsel for the plaintiff, while conceding that the amendments offered by the defendant were allowed, but were not incorporated into the bill, asserts that since they appear in the transcript the court should consider them in connection with the supposed bill. This we may not do. It is true that there is copied into the transcript a paper purporting to embrace the amendments proposed by the defendant and allowed by the judge, but it is no part of the record on appeal. It is not included within any bill of exceptions or statement on motion for a new trial, nor is it one of the papers which Section 1196 of the Code of Civil Procedure designates as part of the judgment roll; neither is it required by Section 1736 of the Code of Civil Procedure to be furnished to this Court on appeal; hence we cannot look to it for any purpose. What the amendments are, or whether the matter therein contained be material or immaterial, relevant or irrelevant, we have no means of determining. They must be disregarded. We have, then, the certificate of the judge to the effect that the bill of exceptions proposed by the plaintiff, together with the

defendant's amendments proposed thereto, are settled, but what the amendments are is not disclosed, and it is apparent that the amendments are not in the bill. The proposed bill and the amendments—not one, but both—were necessary to constitute a bill of exceptions. The judge should not, in any event, have made the certificate he did, nor should he have certified the supposed bill to be correct until after the amendments were incorporated. He ought not to have given any certificate before engrossment. Although there is in Subdivision 3 of Section 1173 of the Code of Civil Procedure an express provision requiring proposed statements on motions for a new trial and the amendments to be engrossed, no such provision is made, so far as we are advised, in respect of bills of exceptions; but the bill and amendments, when settled, must nevertheless be engrossed, in order to constitute such a bill of exceptions as is contemplated by the law. The amendments allowed must be inserted, and the proposer of the bill must see that this is done. Such has always been the rule and practice in the territory and state of Montana. Nothing in *Wulf* v. *Manuel,* 9 Montana, 276, 23 Pacific Reporter 723, nor in *Penn Placer Mining Company* v. *Schreiner,* 14 Montana 121, 35 Pacific Reporter 878, indicates anything to the contrary. The so-called bill of exceptions must also be disregarded.

2. Having eliminated the supposed bill of exceptions, nothing remains for our consideration except the judgment roll.

Counsel for the plaintiff contends that the answer fails to state facts sufficient to constitute a defense or counterclaim to the second cause of action alleged in the complaint. That question was determined adversely to the plaintiff upon the former appeal in this case, the opinion being reported in 19 Montana, on page 402, (61 Am. St. Rep. 520, 48 Pac. 762). This Court there held that the answer in the respect mentioned does state a defense, and it matters not what view may now be taken of the correctness of the decision, for the law of the case was declared, and it is binding upon this Court as well as upon the court below.

3.    The court, without a jury, tried the cause, and made certain express findings of fact, which in and of themselves do not support the judgment.    But Sections 1114 and 1115 of the Code of Civil Procedure are as follows: "Sec. 1114. No judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing and had such request entered in the minutes of the court; nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings unless exceptions be made in the court below for a defect in the findings or in a finding.  Sec. 1115.  In cases of exceptions for defective findings, the particular point or issue upon which the party requires a finding to be made, or the particular defect to be remedied, shall be specifically and particularly designated; and upon failure of the court to remedy the alleged defect, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge as in other cases."    It does not appear that the plaintiff either requested findings in writing or filed exceptions for defective findings.    In this state the system of implied findings prevails (*Gallagher* v. *Cornelius,* 23 Mont. 27, 57 Pac. 447; *Haggin* v. *Saile,* 23 Mont. 375, 59 Pac. 154), and, in the absence of a compliance with the requirements of the sections quoted, the presumtion obtains that the court impliedly found for the prevailing party upon the issues of fact not covered by the express findings.    Unless the party seeking a reversal has followed the course prescribed by sections 1114 and 1115, the express findings are supplemented by implied findings.    So considered, the findings in this case are responsive to the issues, and support the judgment.

Owing to the want of any bill of exceptions, the evidence cannot, as we have said, be examined for the purpose of ascertaining whether it tended to prove the facts found or warranted the court in making the decision.    For the same reason, the question whether the court erred in sustaining the defendant's motion for the judgment that was rendered cannot be determined.

The judgment will be affirmed, and it is so ordered. *Remittitur* may issue forthwith.

*Affirmed.*

MR. JUSTICE MILBURN, having presided as judge in the court below upon the first trial of the cause, did not hear the argument on the present appeal, and does not participate in the foregoing opinion.