SHAW ET AL., APPELLANTS, *v.* McNAMARA & MARLOW, INC., ET AL., RESPONDENTS.

(No. 6,499.)

(Submitted May 27, 1929.   Decided July 1, 1929.)

[278 Pac. 836.]

*Mr. A. G. Waite,* for Appellants, submitted an original and a supplemental brief and argued the cause orally.

*Messrs. Stranahan & Towner* and *Mr. C. A. Spaulding,* for Respondents, submitted a brief; *Mr. Spaulding* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In August, 1927, Ernest Shaw commenced action to quiet title to certain lands in Chouteau county, as against McNamara & Marlow, Inc., a corporation, George Brundage, sheriff, and Steve Marcinko. McNamara & Marlow and Marcinko filed answers, setting up their claims to the property, and the latter filed a cross-complaint bringing in Harris P. Burke and his wife, Jane E. Burke, who answered the cross-complaint. Issue being joined, the cause was tried to the court sitting without a jury, and findings of fact and conclusions of law were made and filed by the court covering all of the issues presented. Judgment was thereafter entered in favor of defendants McNamara & Marlow and Marcinko, and against the plaintiff and the cross-defendants Burke and wife. From this judgment plaintiff and the cross-defendants have appealed. · The judgment-roll alone is presented. The record does not disclose that any bill of exceptions was ever settled or that findings were requested by either side or the findings made, excepted to.

The findings made sufficiently disclose the claims of the several parties. They disclose that, in November, 1921, Harris P. Burke was the owner of the lands in controversy which are known as the "Burke homestead." Burke and wife at that time executed and delivered to plaintiff, the brother-in-law of Burke, a warranty deed purporting to convey the homestead, but therein the lands were erroneously described. This deed was

not recorded until March 1, 1926, at which time plaintiff and the Burkes discovered the error in the description, and thereafter the Burkes executed and delivered to plaintiff a quitclaim deed correctly describing the lands, which deed, the court found, was intended to correct the erroneous description in the warranty deed. The court, however, further found with respect to these deeds that the warranty deed was not made in good faith and was, in effect, a mortgage. After the execution of the warranty deed, Burke remained in possession of the premises until December 19, 1925, at which time, the court finds, he was still the owner thereof, and that he then sold the homestead to the defendant Steve Marcinko, who took possession.

To cover the first payment, Marcinko delivered to one E. G. Hanson, as agent for Burke, storage tickets on 893.30 bushels of wheat, and he and Burke signed the following direction to Hanson: "To hold up until April 1, 1926, or at any time before April 1st, 1926, when Mr. Marcinko wants to sell. The proceeds to be made a check to H. P. Burke in payment of land bought (Burke's homestead at Big Sandy). The total amount to be paid to Burke is to be * * * $2,000 * * * when deed will be given to Mr. Steve Marcinko. Mr. Marcinko to call and I, E. G. Hanson, to go with Marcinko to * * * elevator and get the money for Mr. Burke. * * * "

On February 1, 1926, McNamara & Marlow commenced action against Burke and therein attached any interest he might have in the property, and garnisheed all that he might have coming from the sale thereof to Marcinko. On April 13, 1926, judgment was entered in the action for $2,833.54, and thereon execution was issued, under which the sheriff sold the stored wheat at $1 per bushel and applied the proceeds on the judgment; he thereafter sold the land to McNamara & Marlow on execution sale and later issued to the purchaser his deed therefor.

The court found that Marcinko was in possession of the land during all of the period mentioned and was at all times ready, willing, and able to pay the balance due on the land, but made no offer to Burke on account of the attachment and

garnishment, and that neither McNamara & Marlow nor Marcinko had either notice or knowledge of the dealings between Burke and Shaw with respect to the land prior to March 1, 1926.

On the findings made the court concluded that the plaintiff was not entitled to have the title to the land quieted in him; that he was guilty of laches in not recording the warranty deed prior to March 1, 1926; and that by accepting the quitclaim deed he elected to hold under it and thereby relinquished the title conveyed by the prior deed. The next conclusion of law is that the quitclaim deed conveyed only such interest as Burke had in the land on March 24, 1926. The court further declared that the interest of plaintiff is subordinate to the interests of McNamara & Marlow and of Steve Marcinko, and the only interest which Burke had in the land, at the time McNamara & Marlow brought action against him, was subject to the right of Marcinko to pay the balance of the purchase price and receive deed, and that that interest was "covered" by the attachment in that action; that the balance due, when paid, should be applied upon the judgment in that action. The court then concluded, as a matter of law, that, upon the payment by Marcinko of the balance due, or $1,106.70, Burke and wife should execute to him a deed to the lands, and, if they failed to do so within the time fixed in the decree, the clerk of the court should execute and deliver such a deed in their names, and the title to the lands should then be quieted in Marcinko. The court further concluded that the Shaw deeds should be canceled of record and that the appearing defendants should have judgment for their costs.

Plaintiff has made four specifications of error, of which disposition will be made in the order in which they are presented by the brief.

1. It is first contended that the court erred in that it "held as ultimate facts certain fact findings where no issue was raised by the pleadings calling for the facts found." The findings thus challenged are that Burke and Shaw were "brothers-in-law" and that the warranty deed to Shaw was not made in good faith and was "in effect a mortgage."

It is true that the defendants did not allege the facts as found by the court; they merely denied plaintiff's allegations concerning the conveyance, among which is the allegation that, while the consideration recited in the deed is $1, the true consideration was $1,000, and set up their claims to the property as indicated in the findings. However, on the record as presented, the court cannot be put in error for the making of these findings. The evidence is not before us, and it is on the evidence, and not on the pleadings, that the court makes its findings. While "the court cannot go outside the issues made and make findings upon questions not in dispute" (*O'Brien* v. *Drinkenberg,* 41 Mont. 538, 111 Pac. 137), and good pleading and fair practice demand that a party be not permitted to go outside the issues he has framed, to the injury of his adversary (*Welsh* v. *All Persons,* 78 Mont. 370, 254 Pac. 179), "fair practice" also demands that a trial court shall not be put in error in respect to matters on which it has had no opportunity to rule, and that, if a party deems a line of inquiry not pertinent to the issues framed, he interpose timely objection to the evidence. Where this is not done and evidence is admitted without objection under insufficient pleadings, they will, on appeal, be deemed amended to conform to the proof. (*Donich* v. *Johnson,* 77 Mont. 229, 250 Pac. 963; *Parsons* v. *Rice,* 81 Mont. 509, 264 Pac. 396; *Davis* v. *Claxton,* 82 Mont. 574, 268 Pac. 787.) Under the circumstances, the findings must be deemed supported by the evidence and the pleadings amended to conform thereto.

2. It is next asserted that the finding that Burke was the owner of the real estate on December 19, 1925, when he sold it to Marcinko, is in conflict with the finding that Burke and wife made a warranty deed to Shaw in 1921, which was corrected by quitclaim deed in 1926. The finding as to the making of the warranty deed does not even imply that Burke then parted with title to the property, but merely finds that he "made" a deed "purporting to convey the land in controversy." If, as later found by the court, this deed was but a mortgage, it passed no title and left Burke still "the owner of

the real estate." There is therefore no conflict between the two findings, and the authorities cited by counsel as to the effect of specific findings upon general findings have no application.

3. Plaintiff's third assignment is "that the court erred in holding as a conclusion of law that * * * Marcinko was entitled to specific performance of the alleged agreement." This conclusion of law is clearly supported by the unassailed findings of fact, and, as to this specification, we might content ourselves with the statement that a conclusion of law justified by the findings of the court will not be disturbed.

However, it is argued by counsel for plaintiff that Marcinko's cross-complaint is insufficient to warrant specific performance, in that the memorandum agreement made a part thereof does not meet the requirement that "the agreement must be entire as to the thing sold, its price, the time of delivery and the terms of payment—'all the terms'—which the parties intended to, or could introduce," citing *Long* v. *Needham*, 37 Mont. 408, 96 Pac. 731; *Monahan* v. *Allen*, 47 Mont. 75, 130 Pac. 768; *Kofoed* v. *Bray*, 69 Mont. 78, 220 Pac. 532.

From the memorandum itself it is clear that the "thing sold" and its price sufficiently appear. It recites the proceeds from the sale of the wheat covered by the storage tickets delivered or to be delivered to Burke "in payment for land bought," described as "Burke's homestead at Big Sandy," and the price $2,000. It does not show the time of delivery or the terms of payment, other than the recitation that the land had been already "bought," and that the storage tickets were then placed beyond the control of Marcinko, and that the wheat should be sold on or before April 1, 1926, and the proceeds applied in payment.

Where a simple name serves to identify property conveyed, the description is sufficient (*Collins* v. *McKay*, 36 Mont. 123, 122 Am. St. Rep. 334, 92 Pac. 295), or where reference is made to something which, on being consulted, indicates the property conveyed (*Ryan* v. *Davis*, 5 Mont. 505, 6 Pac. 339). Under either of these rules the description as the "Burke

homestead at Big Sandy'' is sufficient. (See, also, sec. 6860, Rev. Codes 1921.)

There is some contention that the memorandum does not show who was the seller and who the purchaser, but this contention is without merit; it is clear that Marcinko ''bought'' the land from Burke. Burke alleges that he was acting as the agent of the plaintiff, but the memorandum is not signed as agent and, if the deed was given as a mortgage, it is clear that Burke was acting for himself, as he was the holder of the title.

As to the essentials said to be lacking in the memorandum, the answer is that the court's decision does not rest upon the memorandum alone; it has to do principally with the transfer of the storage tickets and the manner of their disposition as a part payment on a prior or coincident sale of the lands. The sale itself may rest upon an oral agreement, and, if so, a part payment of the purchase price and the assumption of possession and erection of improvements on the property, with the knowledge and consent of the vendor, will suffice to take the contract out of the operation of the statute of frauds. (*Wright* v. *Brooks*, 47 Mont. 99, 130 Pac. 968; *Wilburn* v. *Wagner*, 59 Mont. 386, 196 Pac. 978; *Milwaukee Land Co.* v. *Ruesink*, 50 Mont. 489, 148 Pac. 396.)

The part performance which will avoid the statute of frauds may consist in any act which puts the party performing in such a situation that the nonperformance by the other would be a fraud upon him. (*Eccles* v. *Kendrick*, 80 Mont. 120, 259 Pac. 609.)

Ordinarily, in order to be entitled to have such a contract specifically enforced, the plaintiff must allege a tender of the balance of the purchase price; but where it is clear that a tender would be useless it is sufficient to allege that he is ready and willing to perform. (*Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918.)

As the evidence is not before us for review, we must assume from the findings of fact that each element necessary to take the contract of sale out of the operation of the statute of frauds was duly established by evidence received without ob-

jection. As to the tender it is clear that, under the circumstances, no tender could have been made by Marcinko to Burke, as any money due was garnisheed. We must further assume, in support of the decree, that the time of final payment was shown, and that time had passed. The decree of specific performance must be sustained as to Harris P. Burke.

However, Jane E. Burke did not sign the memorandum agreement and was not a party to the McNamara & Marlow action, nor was she found to be a party to the contract of sale; she cannot, therefore, be divested of her inchoate right of dower by the decree herein. (Secs. 5828 and 8425, Rev. Codes 1921; *First State Bank* v. *Mussigbrod*, 83 Mont. 68, 271 Pac. 695.)

4. Plaintiff's fourth and last assignment of error is: "That from facts admitted and found by the court, having as their basis material issues made by the pleadings, the court did not make correct conclusions of law."

Under this head, counsel for plaintiff argues certain of the matter already passed upon, and further challenges the conclusions that the plaintiff was guilty of laches in not recording his warranty deed prior to March 1, 1926, and that by accepting the quitclaim deed plaintiff elected to relinquish the title acquired thereunder and hold under the later deed.

It is immaterial whether or not these conclusions were properly drawn from the facts found; the latter is in conflict with the finding that the deed in question is a mortgage, but this conflict is also immaterial. Where findings or conclusions made are unnecessary to a decision, error in making them will not work a reversal of the decree. (*Brundy* v. *Canby*, 50 Mont. 454, 148 Pac. 315.)

The warranty deed was found to be in effect a mortgage; it therefore passed no title, and plaintiff thereby acquired no title to be relinquished, and, as the quitclaim deed was given to correct the description in the former deed, it was but a correction mortgage; both were recorded after the rights of defendants had attached.

Having found that the Shaw deeds were given as a mortgage, the court futher found that, as a mortgage, they were

not given in good faith and should be canceled of record, and with these instruments out of the way there was no impediment to the specific performance of the Burke-Marcinko contract.

The McNamara & Marlow attachment and notice of garnishment impounded Burke's right to receive the purchase price from Marcinko, and the court properly directed the payment of the balance due from Marcinko in satisfaction of the judgment.

As McNamara & Marlow and Marcinko prevailed as against both the plaintiff and the cross-defendants, the court properly awarded them their costs as set out in the judgment.

The cause is remanded to the district court of Chouteau county, with direction to modify the judgment and decree by striking from paragraph 3 thereof all reference to Jane E. Burke, and as modified the judgment will be affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied July 12, 1929.