## PARK SADDLE HORSE CO., Respondent, *v.* COOK, Appellant.

(No. 6,750.)

(Submitted March 11, 1931. Decided April 8, 1931.)

[300 Pac. 242.]

 

*Mr. D. W. Doyle,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Walchli & Korn,* for Respondent, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in forcible detainer involving land in Glacier county. It was instituted June 23, 1928. In the complaint of the plaintiff it is alleged "that on or about the 22nd day of May, 1928, and during the absence of the plaintiff from the premises * * * the above named defendant, George Cook, did wilfully and unlawfully and without permission of * * * the plaintiff enter upon the lands * * * and took possession of the same; that at the time of such entry * * * and for more than five days previous thereto, the plaintiff corporation was the occupant and in the peaceable possession of and entitled to the possession" of the land described. It is averred that demand for possession of the property was made upon the defendant by the plaintiff on or about June 4, 1928, and the defendant's refusal to surrender possession and occupancy of the land up to the time of the institution of this action. The defendant demurred to the complaint, which upon stipulation of counsel was overruled by the court. Thereupon the defendant filed his answer constituting a general denial, and by way of affirmative defense alleged that he is an Indian and a member of the Blackfeet tribe residing within the confines of the Blackfeet Indian Reservation, and the portion thereof embraced within the county of Glacier; that the land involved is within the confines of the Blackfeet Indian Reservation and is unpatented and constitutes no part

of the public domain of the United States of America, but is reserved by the Bureau of Reclamation of the Department of the Interior, and as such is subject to the exclusive control of the Secretary of the Interior, and the exclusive jurisdiction of the United States of America; and that because of the non-use of the land by the Department of the Interior it reverted to the Blackfeet tribe, and is now held by the United States for the use and benefit of the Blackfeet tribe of Indians; and further, that the defendant entered into the possession of the land with the consent of the Tribal Council of the Blackfeet Indian tribe. The reply of the plaintiff denies generally the allegations of the answer except that it is admitted that the Bureau of Reclamation of the Department of the Interior of the United States has the exclusive right and control over the land, subject to a lease thereof to the plaintiff dated January 31, 1921, and a renewal thereof.

By agreement of counsel the cause was tried before the court without a jury, after the conclusion of which the court made its findings of fact and conclusions of law in favor of the plaintiff and judgment was entered accordingly, from which the defendant has appealed. There is no bill of exceptions, the record on appeal consisting only of the judgment-roll.

The court found that at all times mentioned in the plaintiff's complaint, and ever since May 1, 1921, the plaintiff has had and now has a lease from the Bureau of Reclamation, Department of the Interior of the United States, covering all of the land described in plaintiff's complaint; that the lease was in full force and effect at the time of the defendant's entry upon the property; that the lease expired May 1, 1928, but contained a renewal provision, and pursuant thereto, a second lease was executed by the Bureau of Reclamation to the plaintiff, effective May 1, 1928; that the second lease has never been terminated, and that the plaintiff has had a lease to all of the property described in plaintiff's complaint ever since May 1, 1921, without interruption; that on the fifteenth day of April, 1928, and at the time of the defendant's entry, and for more than six years immediately prior thereto, the

plaintiff was the occupant of and in the peaceable and undisputed possession of the land and premises described in plaintiff's complaint; that on the fifteenth day of April, 1928, and during the absence of the plaintiff from the premises, the defendant George Cook, without the consent or permission of the plaintiff, entered upon the property and took possession thereof; that on or about the fourth day of June, 1928, and on several occasions thereafter, and prior to the commencement of this action, the plaintiff made demand upon the defendant to surrender said land and premises to the plaintiff; that the defendant refused to surrender the same or any part thereof for a period of more than five days after demand made on June 4, 1928, and prior to the commencement of this action, and that ever since such demand the defendant has remained in possession of and has detained the property and now continues to detain the same. And as a matter of law the court concluded that the defendant, George Cook, unlawfully entered upon the land; that at the time of the commencement of this action he forcibly detained the same and now continues to so forcibly detain it; that he is guilty of forcible detainer thereof, and that the plaintiff is entitled to immediate restitution thereof and its costs incurred in this action.

Two questions are presented for decision by the defendant's assignments of error, viz.: (1) Does the plaintiff's complaint state a cause of action, and (2) Do the findings support the judgment?

1. The complaint is predicated on subdivision 2 of section 9888 of the Revised Codes of 1921, which reads as follows: "Every person is guilty of a forcible detainer * * * who, in the night-time, or during the absence of the occupant of any lands or mining claim, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant. The occupant of real property or mining claim, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisputed possession of such lands."

And section 9899 provides that "on the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer. The defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined, and such showing made is a bar to the proceedings."

The first section above adverted to defines the offense giving rise to a right of action, and the latter prescribes the nature ██ of the proof required to sustain or defend against it. However, we are not required here to determine the sufficiency of the plaintiff's complaint under the forcible detainer statute, as it appears that the defendant stipulated to the overruling of his demurrer thereto, made answer, and proceeded to trial on the merits. Under these circumstances defendant's contention that the complaint does not state facts sufficient to constitute a cause of action, now made upon appeal for the first time, is looked upon with disfavor, and every reasonable inference will be drawn from the facts stated necessary to uphold the complaint. (*Blackwelder* v. *Fergus Motor Co.*, 80 Mont. 374, 260 Pac. 734.) And since there is no bill of exceptions, any defects in the complaint will be deemed amended to conform to the proof. (*Blackwelder* v. *Fergus Motor Co.*, supra; *Shaw* v. *McNamara & Marlow*, 85 Mont. 389, 278 Pac. 836; *Thelen* v. *Vogel*, 86 Mont. 33, 281 Pac. 753; *McBride* v. *School District*, 88 Mont. 110, 290 Pac. 252.) Were the complaint insufficient in any of its allegations, since the defendant answered over, and the case went to trial on the merits, in the absence of a bill of exceptions it must be assumed that the proof was ample, and the complaint will be deemed amended in conformity with the proof. (*Shaw* v. *McNamara & Marlow*, supra; *Thelen* v. *Vogel*, supra.)

2. But it is urged that the findings do not support the judgment.

Section 9369 of the Revised Codes of 1921 provides: "No judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing, and had such request entered in the minutes of the court; nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings, unless exceptions be made in the court below for a defect in the findings or in a finding." In this case the defendant made no request in writing for findings when the cause was submitted for decision, nor were objections made or exceptions taken to the court's findings so far as the record before us discloses. And by virtue of the provisions of section 9369 the doctrine of implied findings prevails in this jurisdiction. Where no findings are made and none requested, it will be presumed that the court found in favor of the prevailing party upon every issue necessary to support the judgment; and where the court has made findings which are deficient, but the defects are not pointed out, the presumption will be indulged that the court found upon other facts in issue sufficient, by supplementing the facts found, consistent therewith, to sustain the judgment. (*Crosby* v. *Robbins*, 56 Mont. 179, 182 Pac. 122; *Yellowstone Nat. Bank* v. *Gagnon*, 25 Mont. 268, 64 Pac. 664.) But it will not be presumed that the court impliedly found facts inconsistent with its express findings. (*Crosby* v. *Robbins*, supra; *Beaverhead Canal Co.* v. *Dillon Electric L. & P. Co.*, 34 Mont. 135, 85 Pac. 880.) Here the court found that the plaintiff was entitled to the possession of the premises at the time of the defendant's entry, which is not at all inconsistent with an implied finding that the plaintiff was entitled to the possession of the land five days after the demand made on the defendant for possession; and if such a finding were deemed necessary, in the condition of the record before us, it will be implied.

3. This disposes of all of the defendant's specifications of error, except the last, wherein he specified that the court

erred in its conclusions of law deduced from the findings of fact alleged to be erroneous. "While we doubt whether this contention has merit in it, under the findings that were made, we will not examine into that question, for plaintiff failed to point out the particular defects, if any there were, in the findings made by the court, and to save his exceptions, as required by the code. (Sec. 1114, Code Civil Procedure, [Sec. 9369, Rev. Codes, 1921] ; *Haggin* v. *Saile,* 23 Mont. 375, 59 Pac. 154; *Gallagher* v. *Cornelius,* 23 Mont. 27, 57 Pac. 447.) Under the doctrine of implied findings, above adverted to, the judgment appealed from will not be reversed unless requests and exceptions were made and saved." (*Currie* v. *Montana Cent. Ry. Co.,* 24 Mont. 123, 60 Pac. 989.)

For the reasons stated the judgment is affirmed. Remittitur forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.