# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## SEPTEMBER TERM, 1900.

CASE 1—ACTION TO ENFORCE LIEN FOR STREET IMPROVEMENT—SEPT. 19.

## Dumesnil v. Louisville Artificial Stone Co. (Two cases.) Ormsby v. Same. (Two cases.) Nichols v. Same.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

ACTION BY LOUISVILLE ARTIFICIAL STONE COMPANY V. MARY DUMES-NIL, ET ALS., TO ENFORCE LIENS FOR THE COST OF STREET IMPROVE-MENTS.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS, EXCEPT CITY OF LOUIS-VILLE, APPEAL. AFFIRMED.

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—IRREGULARITY IN PROCEEDINGS.

Held: 1. Under Kentucky Statutes, section 2834, providing that no error in the proceedings of the general council shall exempt from payment for the reconstruction of a sidewalk in a city of the first class after the work has been done as required by either the ordinance or contract, the contractor is entitled to payment for his work, when done pursuant to the ordinance or contract, though all the work specified in the ordinance was not included in one contract, and part of it had not been let at all, and two lots on one square were excepted from the contract.

2. The apportionment made by the general council will not be corrected for errors in the proceedings, unless the parties complaining have been prejudiced.

3. The action of the general council in ordering the reconstruction of a sidewalk which had been down for twenty-two years will not be disturbed, though the preponderance of the evidence shows that the sidewalk was not in a bad condition.

Dumesnil v. Louisville Artificial Stone Co. (Two Cases.)  Ormsby
v. Same. (Two Cases.)   Nichols v. Same.

SIMRALL & DOOLAN, Attorneys for appellant, Mary Dumesnil.

### POINTS AND AUTHORITIES.

1. It is not within the power of the municipal authorities to destroy
the good sidewalks for which appellants had already paid and
charge them with the cost of making this new and expensive
"improvement." Dillon on Municipal Corporations, vol. 2, sec.
764 and note; sec. 819, note; Wright v. Chicago, 20 Ill., 252; An-
napolis v. Harwood, 32 Md., 471; Fairfield v. Ratcliff, 20 Ia.,
396; Thomas v. Gain, 35 Mich., 162; Tidewater Co. v. Costers,
18 N. J. Eq., 518; Graham v. Conger, 85 Ky., 587-589, 590; Con-
stitution, secs. 2, 3, 13, 14, and 171; City of Louisville v. Louis-
ville Rolling Mill Co., 3 Bush, 423-425; Wistar v. Philadelphia, 80
Pa. State, 505-513; Philadelphia v. Wistar, 92 Pa. State, 404;
Wistar v. Pa. (111 Pa. State, 404); Philadelphia v. Henry, 161
Pa. State, 38-40; Reed v. Erie, 79 Pa. State, 353; Hammett v.
Philadelphia, 65 Pa. State, 146-157; Cheaney v. Hooser, 9 B.
Mon., 341; Hawes v. Chicago, 158 Ill., 653-659; Dillon on Mu-
nicipal Corporations, sec. 327, &c.; Cooley on Taxation, page
428; Corrigan v. Gage, 68 Mo., 541-545; Burns v. Baltimore, 48
Maryland, 202-203 and 206; Howell v. Bristol, 8 Bush, 499; Pres-
ton v. Roberts, 12 Bush, 587-589; Cin., N. O. & Tex. Pac. R. R.
v. The Com., 81 Ky., 501; Frantz, Jr. v. Jacob, 88 Ky., 531 and
532; Sutton v. Louisville, 5 Dana, 28; Courtney v. Louisville, 12
Bush, 419; Preston v. Rudd, 84 Ky., 150; Broadway Baptist
Church v. McAtee, 8 Bush, 517-518; Keasey v. Louisville, 4
Dana; Kemper v. Louisville, 14 Bush, 92-93; Lexington v. Mc-
Quillan's Heirs, 9 Dana, 516-517.

2. No valid proceedings have ever been taken to fix any liability upon
these appellants. Hydes & Goose v. Joyes, 4 Bush, 467-470;
City of Henderson v. Lambert, 14 Bush, 24; 2 Dillon on Munici-
pal Corporations, sec. 799, p. 978, note 1 (4th ed.); St. Louis
v. Clemmons, 49 Mo., 552-555; Murray v. Tucker, 10 Bush, 240-
245; Kentucky Statutes, secs. 2826 and 2837.

F. W. MORANCY, Attorney for appellant.  BODLEY, BASKIN
& GRUBBS and WM. MIX of counsel.

### ABSTRACT OF POINTS AND AUTHORITIES.

The kind and limits of a street improvement must
be fixed by the city council by ordinance and when thus fixed,
must be done as ordained, in order to charge abutting property.
The board of public works, an executive board, can not vary
either the character of the work or its limits. The entire work
set forth in the ordinance must be fully completed or the prop-

Dumesnil v. Louisville Artificial Stone Co. (Two Cases.)    Ormsby
v. Same. (Two Cases.)    Nichols v. Same.

erty owners can not be taxed with any of the costs. 4 Bush,
467, Hydes & Goose v. Joyes; 14 Bush, 28, Henderson v. Lambert;
92 Ky., 95, Zable v. Louisville Baptist Or. Home; 46 Cala., 59,
Richardson v. Heydenfeldt; 47 Cal., 456, People San Francisco
v. Clark; 35 Cal., 524, Doughty v. Hitchcock; 50 Cal., 554,
Stockton v. Whitmore; 36 Pac. Rep., 1081, Treanor v. Houghton;
9 Ky. Law Rep., 286, Haffey v. Letcher.

The question whether a local improvement is needed
and its kind and extent belongs primarily to the local legisla-
ture, but it can not arbitrarily tax the property with the costs
of such improvement where it is manifest that it is not needed
at all. 84 Ky., 155, Preston v. Rudd; 3 Bush, 423, City of Louis-
ville v. Lou. Rolling Mills; 80 Pa. St., 505, Wistar v. Philadel-
phia; 92 Pa. St., 404, Philadelphia v. Wistar; 111 Pa. St., 609,
Wistar v. Philadelphia; 161 Pa. St., 38, Philadelphia v. Henry;
65 Pa. St., 146, Hammett v. Philadelphia; 158 Ill., 653, Hawes
v. Chicago; 48 Md., 202, Burns v. Baltimore; 68 Mo. App., 541,
Corrigan v. Gage; Constitution Kentucky, sec. 2.

SHACKELFORD MILLER, ATTORNEY FOR APPELLEE.

POINTS AND AUTHORITIES FOR APPELLEE.

1. The work can, and should be, let in separate contracts, each
covering a single square, although the ordinance directed four
squares to be improved.

There is no law requiring the contract to embrace all the ter-
ritory included in the ordinance, and it is to the interest of the
property holders to have as many bidders for the work as pos-
sible. Eyerman v. Blakesley, 13 Mo. App., 408; Kemper v.
King, 11 Mo. App., 116; Malchus v. District of Highlands, 4
Bush, 547; 24 Am. & Eng. Ency. of Law, 62; 10 Am. & Eng.
Ency. of Law, 301.

2. The fact that the new pavement in front of Rohlsen's property
was not taken up, and was *excepted in the contract* in case 12,-
732, has not prejudiced the other defendants. They have only
paid for the work actually done. It is not claimed to apply to
the other appeal.

3. The city authorities are the judges of the necessity of the im-
provement. Ky. Stats., sec. 2825; Preston v. Rudd, 84 Ky., 155;
Allen v. Woods, 20 Ky. Law Rep., 60; Bullitt v. Selvage, 20 Ky.
Law Rep., 599; 10 Am. & Eng. Ency. of Law, 301.

4. The old pavement was made in 1872, twenty-two years before it
was reconstructed. The charge in this case against the prop-
erty was about $2.00 per front foot, of property worth at least
$40.00 per front foot, not counting the improvements. Counting

Dumesnil v. Louisville Artificial Stone Co. (Two Cases.)   Ormsby
v. Same. (Two Cases.)   Nichols v. Same.

the improvements, the cost was less than two per cent. of the
value of the property.

The trial judge found as a matter of fact that it was not spolia-
tion.  He knew the witnesses, and great weight will be given to
his finding of fact.

5. The appellant Nichols and other property owners tried this case
in July, 1894, by their injunction suit No. 4792, to stop this work.

Mrs. Dumesnil did the same by her injunction suit No. 4863,
filed July 20, 1894, for the same purpose.

These facts are plead in these cases as *res judicata.*  See Judge
Field's opinion in the injunction cases.

6. The demurrers to the counter-claims against the plaintiff for dam-
ages were properly sustained.

Where the contractor does the work according to the ordi-
nance and contract, he is not liable for damages, although the
city may be liable.  N. & C. Bridge Co. v. Douglass, 12 Bush,
716; Pearson v. Zable, 78 Ky., 170; Anderson v. Mayfield, 93
Ky., 234.

H. L. STONE, City Attorney, for City of Louisville.

1. Neither of the cross petitions of appellants, Ormsby and Nichols,
stated a cause of action against the appellee, City of Louisville.
Civil Code, sec. 36, sub-sec. 3.

2. It was lawful to let the work in parcels or by blocks.   Middles-
boro Town & Land Co. v. Knott, 55 S. W. R., 205; Anderson v.
Bitzer, 49 S. W., 442; Haffey v. Letcher, 9 R., 286; Fox v. Mid-
dlesboro Town Co., 96 Ky., 262.

3. The necessity for the sidewalk directed to be made by the ordi-
nance was lawfully determined by the board of public works
and general council, and could not be called into question by
the abutting lot owners, unless they alleged and proved spolia-
tion of their property.  Skinker v. Heman, 49 S. W. Rep., 1026;
Worthington v. City of Covington, 82 Ky., 265; Hood, Trustee,
v. Town of Lebanon, 12 R., 813.

4. No final judgment in the cross actions of appellants, Ormsby and
Nichols.

5. The court has no jurisdiction of appellant Nichols' appeal.

6. There was no spoliation of appellant's property, but the work of
reconstruction of the sidewalk on Oak street between Third and
Seventh streets, which was necessary and proper.

Opinion of the court by JUDGE HOBSON—Affirming.

These five cases have been heard together, as they arise
on the same record, and involve similar questions.   On

March 12, 1894, the general council of the city of Louis-
ville made an ordinance requiring the sidewalks on both
sides of Oak street, between Third and Seventh streets,
in front of lots numbered from 300 to 631, inclusive, to be
regraded, recurbed, furnished with metal gutters, and re-
paved with artificial stone, hexagon block pavement. Pur-
suant to this ordinance a contract was made on May 8,
1894, between the city of Louisville and the Louisville Arti-
ficial Stone Company, for the reconstruction of the side-
walks on Oak street between Fifth and Sixth streets, ex-
cepting that in front of lots 501 and 503; and on the same
date a separate contract was made between the same par-
ties for the reconstruction of the sidewalks on Oak street
between Sixth and Seventh streets. Work was begun un-
der these contracts, but the owners of the property along
the street protested against the improvement being made.
Finally a public meeting was held, at which the mayor
was present, and agreed not to let any more contracts for
the rest of the work specified in the ordinance. It would
seem that he understood this to be in the nature of a
compromise, and that in consideration of this concession
by the city the property owners were to allow the work
that had been contracted for to proceed. But the property
owners do not appear to have had this understanding,
and filed suits to enjoin the work being done under the
two contracts that had been made. The ground upon
which the injunction was sought was that the existing
sidewalks were sufficient and their reconstruction was un-
necessary. These suits were decided against the property
owners, and the contractor carried out the contracts. Ap-
pellants failed to pay their apportionments for the work,
and, suit having been instituted against them by the con-

6     KENTUCKY REPORTS.     [Vol. 109

Dumesnil v. Louisville Artificial Stone Co. (Two Cases.)     Ormsby
v. Same. (Two Cases.)     Nichols v. Same.

tractor, resisted recovery on the grounds (1) that the re-construction was unnecessary, as the existing sidewalks were good; (2) that, though the ordinance required the reconstruction of the sidewalks from Third to Seventh streets, nothing had been done except between Fifth and Sixth streets; (3) that lots 501 and 503 were excepted out of the contract, and the pavement in front of them was not reconstructed.

It appears from the record that both the contracts were made on behalf of the city by the board of public works, signed by the mayor, and approved by the general council. It also appears that the work done by the contractor was in accordance with the contract, that it was accepted by the city engineer, that the amount payable by each property owner was apportioned by him, and that the apportionment was approved and adopted by the general council. If, therefore, there was any error or irregularity in the proceedings, it was that of the general council, and not of any subordinate. Section 2834, Kentucky Statutes, provides: "A lien shall exist for the cost of the original improvement of public ways, for the construction and reconstruction of sidewalks, and for the digging and walling of public wells and cisterns, for the apportionment and interest thereon at the rate of six per cent, per annum against the respective lots.    Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done, as required by either the ordinance or contract; but the general council or the courts in which suits may be pending shall make all corrections, rules and orders to do justice to all parties concerned." The plain purpose of this

statute was to secure to the contractor payment for his
work when done pursuant to the ordinance or contract.
Uncertainty as to payment might be the cause of great
loss to the property owners, from the fact that contrac-
tors, to cover possible losses from this cause, would be
unwilling to undertake work as low as they might otherwise
do, if there was no uncertainty about the pay. Previous to
this statute, from defects in the proceedings, grave losses
were sometimes sustained by contractors, although they
had faithfully performed their contract. The statute was
passed to remedy these evils, by securing to the contractor
in his pay where he had faithfully performed his con-
tract, and seems conclusive of the case at bar. It is ad-
mitted that the pavement made by the contractor is all
right, and really a nice improvement to the property.
Whatever irregularities may have been in the proceedings,
the work having been done according to the contract, the
contractor must be paid. It is immaterial that all the
work specified in the ordinance was not included in one
contract, or that part of it has not been let at all, or
that two lots on one square were excepted out of the opera-
tion of the contract. It does not appear that by any of
these things appellants were prejudiced. In a case where
such proof is made, the court has full jurisdiction to do
justice to the parties, by correcting the apportionment, or
making such orders in the premises as the equity of the
case may demand. But, nothing of that sort being shown,
the court below properly gave judgment on the apportion-
ment as made by the general council. The cases sustain-
ing such defenses in suits of this character rest upon
statutes materially different from the one quoted. While
the proof is conflicting as to the condition of the old side-

walk when it was torn up, and the preponderance of the evidence would show that it was not, at least, in a bad condition, still it had been down for twenty-two years, and there is nothing in the proof to establish such a state of case as to justify a court of equity in interfering with the decision of the general council in a matter which the law has confided to its jurisdiction. Judgment affirmed.