BECK ET AL., APPELLANTS, *v.* HOLLAND ET AL.,
RESPONDENTS.

(No. 1.627.)

(Submitted November 19, 1903.   Decided December 4, 1903.)

*Taxation — Cities — Assessment for Improvements—Basis—*
*Benefit Rule—Frontage Rule—Omission of Certain Prop-*
*erty from Levy—Ownership of ·Alley—Certificate of. Assess-*
*ment—Presumption—Pleading.*

1.   Under the express provisions of Code of Civil Procedure, Section 3266, Sub-
     division 15, it is presumed, in the absence of any showing to the contrary,
     that city officials did not certify an assessment prematurely to the county
     officials, but performed their duty regularly.
2.   In the absence of fraud, or such gross mistake as to preclude sound judg-
     ment, the determination of a city council as to what property is specially
     benefited by an improvement ordered is conclusive for the purpose of as-
     sessment to pay for it.
3.   The omission from the levy of any property in an improvement district, to
     which the principle of the assessment applies, invalidates the entire assess-
     ment.
4.   Though Comp. St. 1887, Fifth Div., c. 22, Sec. 428, provides for levy on
     property specially benefited to pay for an improvement, an allegation in the
     complaint in an action to enjoin a sale for the collection of an assessment
     that the council adopted the frontage· rule in making the levy is insufficient
     unless it also states that the benefit to plaintiffs' property is not propor-
     tional to their tax.
5.   One cannot set aside an assessment against him to pay for opening an alley
     on the ground that the land does not belong to the city, when he claims no
     right or interest in it.

On rehearing.   Affirmed.

STATEMENT OF THE CASE.

The appeal in this action was heretofore dismissed (28 Mont.
460, 72 Pac. 972), but upon application was reinstated, the
appellants granted leave to file an amended transcript, and the
cause then heard on its merits.

The action was brought to restrain the county treasurer of
Silver Bow county from selling certain real estate for alleged
delinquent taxes.  The complaint alleges that prior to July 12,
1893, the city of Butte attempted to lay out and establish ·an

alleyway through block 37, townsite of Butte, extending from Park street to Galena street; that for the purpose of meeting and defraying the expense incident to such improvement the city council, on July 12, 1893, adopted a resolution levying a tax upon certain property in the city of Butte, the city council then determining that the property on which the tax or assessment was levied was benefited by the opening of the alleyway. After designating the property affected by the levy and the amount of taxes sought to be collected, the complaint alleges that the city had no right or title to the alleyway, the same being owned by private individuals; that in making the levy the city council omitted from the assessment other property situated in the same district and locality as the property assessed, and which property so omitted was benefited by the alleged opening of the alley, and should have borne its proportion of the expenses; that the city council adopted a frontage rule of valuation as a basis for determining the taxes to be assessed against the property; that the lots or parcels of land upon which the tax was levied were of an unequal depth and area, and the adoption of the frontage rule resulted in omitting from the assessment certain pieces of property which should have been taxed; that the plaintiffs appeared before the city council sitting as a board of equalization, and objected to such assessment; that on or about August 12, 1893, the city treasurer declared the several amounts due from the plaintiffs on account of such assessment delinquent, and certified a list of the names of the owners so assessed, including these plaintiffs, together with a description of the property and the amounts due thereon, to the county clerk of Silver Bow county, who thereafter delivered the same to the county treasurer; and that the treasurer threatens to sell the property of these plaintiffs to satisfy such delinquent taxes, and, unless restrained, will do so. The prayer is for an injunction restraining such sale. To this complaint the defendants interposed a general demurrer, which was sustained, and, the plaintiffs declining to amend, judgment for costs in favor of the defendants was entered, and from that judgment the plaintiffs appeal.

*Mr. B. S. Thresher,* and *Messrs. McBride & McBride,* for
Appellants.

Whenever an attempt is made to charge or devest the estate
of a citizen by statutory modes, the proceedings must strictly
follow the steps of the statute, or the attempt will fail. (*Smith*
v. *Davis,* 30 Cal. 536; *Bensley* v. *Mountain Lake Co.,* 13 Cal.
306; *Curran* v. *Shattuck,* 24 Cal. 427; *Stanford* v. *Worn,* 27
Cal. 171; *Haskell* v. *Bartlett et al.,* 34 Cal. 281; *Himmelmann*
v. *Oliver,* 34 Cal. 247; *Smith* v. *Cofran,* 34 Cal. 310; *Himmel-
mann* v. *Steiner,* 38 Cal. 175; *Dowell* v. *Portland,* 10 Pac. 308;
*Chambers* v. *Shatterlee,* 40 Cal. 524; *Himmelmann* v. *Hoad-
ley,* 44 Cal. 279; *Brock* v. *Luning,* 89 Cal. 318; *Blanchard* v.
*Beideman,* 18 Cal. 261; *Himmelmann* v. *Danos,* 35 Cal. 448;
*Hewes* v. *Reis,* 40 Cal. 255; *Taylor* v. *Donner,* 31 Cal. 481.)

The acts of ministerial officers are to be tested by the law
which governs them; by the record, as originally made, their
acts must stand or fall. (Blackwell on Tax Titles, page 357;
*Dowell* v. *Portland,* 10 Pac. 311.)

A property owner has a vested right to be assessed according
to the method of law in force when the work is ordered, and if
the levy or assessment is made according to a different method,
or under a different law, by which either the amount to be paid,
or the time in which payment be made, is different from that
of the original law which was in force at the time the work was
ordered, the levy or assessment is void and the property owner
cannot be required to pay a levy or assessment so made. (*City
of Spokane* v. *Browne,* 36 Pac. 26; *City of Cincinnati* v. *Sea-
songood,* 21 N. E. 630; *Huston* v. *McKenna,* 22 Cal. 550;
*Creighton* v. *Pragg,* 21 Cal. 115; *Todd* v. *Laundry,* 12 Am.
Dec. 480, note.)

The fact that the city council in making the assessment omit-
ted any lot or part of a lot, that was situated within the district
benefited, renders the whole assessment void. (*People* v. *Lynch,*
21 Am. Repts. 677.)

The frontage rule of assessment is contrary to Article XII
of the Constitution of the state, which provides in substance

that all property shall be taxed at a uniform rate, according to its value. (*McBean* v. *Chandler,* 24 Am. Rep. 308; *Kertsen* v. *Milwaukee,* 48 L. R. A. 851.)

*Mr. Edwin M. Lamb,* and *Mr. J. L. Templeman,* for Respondents.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

Appellants urge in this court: (1) That the tax was prematurely certified to the county treasurer; (2) that the omission of certain property, which it is alleged was benefited by the improvement, vitiates the entire assessment; (3) that the adoption of the frontage rule of valuation renders the assessment void; and (4) that the assessment is void for the reason that the city did not own the alleyway at the time the assessment was made.

1.    Appellants concede that the validity of the assessment is to be determined by reference to the law in force at the time the improvement was ordered, and this admission disposes of the first contention above; for whether or not the assessment was prematurely certified to the county officials depends upon whether the Act of the Third legislative assembly approved March 7, 1893 (Session Laws 1893, p. 130), the Act of the Sixteenth territorial legislative assembly approved March 14, 1889 (Session Laws 1889, p. 185), or Chapter 22, Fifth Division, Compiled Statutes of 1887, shall govern; and this depends upon the date when the alley was ordered opened, which date the complaint fails to disclose. Not being informed when the improvement was ordered, we are unable to determine what law was in force when the same was done, and therefore unable to say whether or not the assessment was prematurely certified. In the absence of any showing to the contrary, it must be presumed that the city officials regularly performed their duty. (Subdivision 15, Section 3266, Code of Civil Procedure.)

2.    It is next contended that the city omitted to assess other

property which was situated in the same district and locality, and which was benefited by the improvement.

These special assessments are commonly made according to some standard fixed by the legislature—as according to the frontage of the property, its value, its superficial area, or according to the special benefits received by the property affected. The last rule was in force in this state at the time this action was commenced and for many years before. When the method is prescribed, the levy must embrace all the property within the district to which the principle of the assessment applies. (Cooley on Taxation, 1216.) In other words, if the statute or city charter under which the council is operating fixes the limits of a district as of all property abutting on the street improved, then no such abutting property can be omitted without invalidating the levy; or, if the statute directs the city council to impose the tax upon such property as the council shall determine is specifically benefited by the improvement, then, in that event, the council having determined what property is specifically benefited, that particular property constitutes the improvement district for that purpose, and the council is not warranted in omitting from the assessment any of such property.

The complaint in this action does not allege that the council omitted any property which it (the council) had determined was benefited by the improvement—that is, from the improvement district which it had created by the exercise of its judgment and discretion; but does allege, in effect, that the district so constituted does not include other parcels of land which the plaintiffs, if acting as the city council, would have deemed benefited by the opening of the alley way.

It may be that the city council erred in its judgment in determining what property was and what was not benefited by the improvement; but, the legislature having designated the council as the proper body to make the assessment, and having clothed it with a discretion in the matter, and having authorized it to act upon its own judgment—not upon the judgment of some one else—its determination must be conclusive in the absence

of allegations of fraud or such gross mistakes as to preclude the exercise of sound judgment. These principles have been so clearly established in this state as to preclude further discussion. (*Danforth* v. *Livingston,* 23 Mont. 558, 59 Pac. 916; Cooley on Taxation, 1180, 1260.)

The principal case relied upon by the appellants (*People* v. *Lynch,* 51 Cal. 15, 21 Am. Rep. 677) is not in conflict with the views herein expressed. In that case the charter of Sacramento required the expense of street improvements to be assessed against abutting property. The board of trustees (city council), in making an assessment for a certain street improvement, omitted certain property which, under the very terms of the charter, was liable for a portion of the cost of the improvement, and for that reason the assessment was held void.

3. Complaint is made that the city council adopted the frontage rule in determining the valuation of the property, and that such rule is inconsistent with our constitutional requirement that all property shall be taxed at a uniform rate. (Article XII.)

Even assuming that the constitutional provisions referred to apply to special assessments for street improvements (and this we do not decide), still the complaint nowhere alleges as a fact that the benefit conferred on plaintiffs' property does not bear the same ratio to the total benefit conferred, as the tax assessed against their property bears to the total tax. Section 428, Chapter 22, Fifth Division, Compiled Statutes of Montana, 1887, provides: "For the purpose of payment of expenses, including all damages and costs incurred in taking of private property, and of making any improvement mentioned in the preceding sections, the city council may by resolution levy and assess the whole or any part not less than half of such expenses as a tax upon such property as they shall determine is specifically benefited thereby." This provision continued in force until the time of filing this complaint. (Sess. Laws 1889, p. 185; Sess. Laws 1893, p. 130.) If the city council, after considering the matter fully, determined that the respective pieces of prop-

erty mentioned in plaintiffs' complaint were specifically bene-
fited by the improvement, and assessed against them their re-
spective portions of the total tax to be raised; the mere fact that
the council made use of the frontage rule in reaching such con-
clusion will not vitiate the assessment. While there is some
conflict in the authorities, this is unquestionably the better rule,
and the one supported by the decided weight of authority.
(Cooley on Taxation, 1221; *President, etc. of D. & H. Canal
Co.* v. *City of Buffalo,* 39 App. Div. 333, 56 N. Y. Supp. 976;
*New Whatcom* v. *Bellingham Bay Improvement Co.,* 16 Wash.
131, 47 Pac. 236.)

4. Finally it is contended that the levy is void for the rea-.
son that the city had no title to the alleyway at the date of the
assessment. But these plaintiffs make no claim that they, or
any of them, own the ground sought to be used as such alley,
or had any interest whatever in it, and, as strangers to the title,
they will not be heard to question the title or right of possession
of the city to the property. We are of the opinion that the com-
plaint does not state a cause of action, and that the demurrer
was properly sustained.

The judgment is affirmed.

*Affirmed.*

Rehearing denied December 24, 1903.

