CAROLINE O. JONES *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1904.*

1. SPECIAL ASSESSMENTS—*when estimate is made part of resolution.* Copying an estimate of cost, except the caption and the signature of the engineer, into the resolution for the improvement, which estimate is itemized to the satisfaction of the board of local improvements, is a sufficient compliance with section 7 of the Local Improvement act of 1897.

2. SAME—*what need not be set forth in first resolution for an improvement.* The first resolution of the board of local improvements for paving an alley, which describes the locality and character of the improvement, is not insufficient because it fails to give the width of the alley or to state how the improvement shall be paid for.

3. SAME—*what does not justify court in holding ordinance unreasonable.* The fact that witnesses may think an improvement is unnecessary does not justify a court in substituting its judgment for that of the municipal authorities in determining whether or not the ordinance providing for the improvement is reasonable.

4. SAME—*when description of broken stones for concrete is not indefinite.* The language of a paving ordinance in requiring the use in the concrete of "seven parts best quality of broken limestone, or other stone which shall be equal in quality for concrete purposes," is not substantially uncertain in using the words "or other stone."

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

CHARLES D. RICHARDS, and WILLIAM J. DONLIN, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr. (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellee, the city of Chicago, filed its petition in the county court of Cook county for the confirmation of a special assessment to pay the cost of curbing, grading and paving the alley between Clark street and LaSalle avenue from Chestnut street to Locust street. Legal objections were filed by the appellants questioning the preliminary proceedings and the validity and reasonableness of the ordinance. The ground upon which it was objected that the ordinance is unreasonable was that the improvement therein provided for was unnecessary, and in support of that contention evidence was introduced to the effect that witnesses thought the alley "in question in good, serviceable condition to carry heavy traffic." The judge who presided at the hearing, by agreement of the parties made a personal examination of the alley, and decided that the ordinance was not unreasonable and overruled the other objections. Further questions being waived by the objectors the assessment was confirmed. From that judgment this appeal is prosecuted.

The first ground of reversal insisted upon is, that the estimate of the cost of the improvement made by the engineer is not sufficiently itemized, and that it was not made a part of the resolution of the board of local improvements, as required by section 7 of the act of 1897. In support of this objection reliance is placed upon the cases of *Bickerdike* v. *City of Chicago,* 203 Ill. 636, and *Kilgallen* v. *City of Chicago,* 206 id. 557. Neither of these cases is in point. In the first it was simply held that the statute was not complied with by the resolution merely stating that the engineer had estimated the

cost in gross, and in the latter that the requirement of that section as to the engineer's estimate can only be complied with by incorporating such estimate in the record, and not by reference, only, to the estimate on file. In this case an estimate was made by the engineer and incorporated in the resolution of the board. That resolution is as follows:

*"Be it resolved by the board of local improvements of the city of Chicago,* That a local improvement be and the same is hereby ordered to be made within the city of Chicago, State of Illinois, as follows, to-wit: That the alley between North Clark street and LaSalle avenue from the north line of Chestnut street to the south line of Locust street be improved by curbing with wooden curb spiked to cedar posts, grading and paving of asphalt on six inches of Portland cement concrete, swept with natural hydraulic cement, the estimate of the cost of such improvement as made by the engineer of the board being as below set forth, and that Tuesday, the first day of March, A. D. 1904, at eleven o'clock A. M., in room 203 City Hall, be fixed for the time and place for the public consideration thereof.

*Estimate.*

| | |
|---|---|
| Wood curb spiked to cedar posts, 800 lineal feet at twenty cents | $160 00 |
| Paving with asphalt on six inches of Portland cement concrete, swept with natural hydraulic cement, 765 square yards at $2.50 | 1,912 50 |
| Total | $2,072 50 |

JOHN A. MAY, *Secretary."*

The statute requires the estimate to be itemized to the satisfaction of the board, which shall be made a part of the record of the resolution. Here the estimate is copied literally into the resolution, except the caption and the signature of the engineer. Wherein it fails to substantially conform to the requirements of the statute we are at a loss to perceive.

The second ground of reversal urged is, that the width of the alley proposed to be paved is not shown either in the first resolution or in the estimate of the cost, and that there is no statement in that resolution, nor in the second resolution, that the proposed improvement shall be paid for by special assessment or special taxation. The statute requires that the first report of the board shall describe the proposed im-

provement, but it is not necessary that it should do so with minuteness. (*Walker* v. *City of Chicago,* 202 Ill. 531.) The resolution as above set forth does give the locality of the improvement and how it is to be made. We do not think it was essential, in the description of the improvement in that resolution, that the width of the alley should be stated. Nor is it necessary under said section 7, *supra,* that the first resolution should state how the improvement is to be paid for. That report leads up to the public hearing provided for in section 8, which provides: "And thereupon, if the said proposed improvement be not abandoned, the said board shall cause an ordinance to be prepared therefor, to be submitted to the council or board of trustees (as the case may be.) Such ordinance shall prescribe the nature, character, locality and description of such improvement, and shall provide whether the same shall be made wholly or in part by special assessment, or special taxation of contiguous property," etc. No objection is made to the ordinance in this case as not complying with the provisions of the statute. It expressly says that the improvement shall be made and the whole cost thereof paid for by special assessment, etc., and in describing the improvement it says: "The alley between North Clark street, * * *. said alley being eighteen feet in width." This language, being unqualified, means the whole width of the alley,—eighteen feet.

The point that the ordinance is unreasonable is without force. "The presumptions are all in favor of the reasonableness of the ordinance, and we cannot declare it void unless it is manifestly so or is made so to appear from the evidence." (*Myers* v. *City of Chicago,* 196 Ill. 591.) The municipal authorities are the best judges of the necessity for the improvement of public streets and alleys. Merely because witnesses may think an improvement is unnecessary will not justify a court in substituting its judgment for that of the municipal authorities in determining whether or not an ordinance providing for an improvement is reasonable, and to

hold otherwise would be to put in issue the reasonableness of every ordinance for local improvement.

It is objected that the language of the ordinance, "that seven parts best quality of broken limestone, or *other stone* which shall be equal in quality for concrete purposes," is indefinite and uncertain. We do not regard the point as of substantial merit.

Our consideration of the grounds of reversal here urged has led to the conclusion that there is no substantial merit in either of them. The judgment of the county court will be affirmed.

*Judgment affirmed.*