## Lambert, et al. v. Thornberry.

(Decided May 2, 1913).

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Street Improvements—Abutting Owners—Ordinances—Contracts.—As the common council of a city of the third class is empowered by sections 3449 to 3459, inclusive, Kentucky Statutes, to require the improvement of its streets and sidewalks at the cost of the owners of the abutting property, if it is made to appear that the ordinance directing such improvement is legally passed and the subsequent proceedings, with respect to the letting of the contract, the doing of the work, its acceptance by the council and apportioning of the cost, are regular, neither the owners of the abutting property nor the property can escape liability therefor, unless in adopting the ordinance and requiring the improvement the council acted corruptly, or the doing of the work is confiscatory in effect.

2. Municipal Corporations—Street Improvements—Discretion of Common Council.—The question of whether the streets or sidewalks of a city should be repaired, changed or improved, is a matter that addresses itself solely to the discretion of the common council of a city, as is the further question as to what the character and extent of the work should be; and the courts will not interfere with such discretion.

CLAY & CLAY for appellants.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Henderson Circuit Court enforcing, at the suit of the appellee, a lien asserted upon a house and lot situated on Powell Street, in the city of Henderson, owned by the appellants, to pay for the construction by appellee of a granitoid sidewalk in front thereof at a cost, apportioned against the property, of $80.30, and also cost of a curb and gutter amounting to $100.10. The sidewalk, curb and gutter were constructed under an ordinance passed by the city coun-

cil and in pursuance of a certain plan and specifications contained therein; the contract for doing the work having been awarded to appellee as the lowest and best bidder. Appellants recognized appellee's lien for the last named amount and tendered payment of same before the case went to judgment, but appellee would not accept it without payment of the $80.30. Appellant's answer—which was made a cross-petition against the city of Henderson, to the end that they might ask a judgment against it, if their property was held liable to appellee, and to the extent of such liability—did not deny that the work of constructing the sidewalk was required by the ordinance of the city, or that it was by contract awarded to the appellee as the lowest and best bidder. Nor did it deny that the work was performed as required by the plan and specifications contained in the ordinance, or that it was accepted by the city, or that the cost thereof, as apportioned by a subsequent ordinance, was correct, but rested appellants' refusal to pay the cost of the sidewalk before their residence and their resistance of the lien therefor, upon the grounds that the city had compelled them to pay for a brick sidewalk constructed in front of the same property six years before the granitoid sidewalk was made, and as the brick sidewalk was still in good condition, they could not be made liable, nor their property placed in lien for the cost of constructing the granitoid sidewalk; or, to put appellants' contention in another form, that the common council of the city of Henderson were without authority to build two sidewalks on the same side of one of its streets at the cost of the abutting property-owners.

Henderson is a city of the third class and its authority as such to pass ordinances requiring the improvement of streets and sidewalks at the cost of the owners of the abutting property, and giving a lien upon such property, is conferred by sections 3449 to 3459, inclusive, Kentucky Statutes.

Section 3452 provides that the liability of the property-owners for such improvements and a lien allowed upon the property therefor, shall become fixed when the common council shall have received the report of the original estimate apportioning the cost of the work, and by order or resolution shall have received the work as done according to the contract.

Section 3453 provides that the liens thus given may be enforced by actions in equity in favor of the contractors, or their assignees, against the persons and property liable for the cost of such work and prescribes the procedure in such cases.

The powers conferred upon the common council of a city of the third class by the several sections of the statute, supra, are comprehensive; and, as said in the case of Reuter v. Meacham Contracting Company, 143 Ky., 557:

"The question of whether the streets or sidewalks of a city should be repaired, changed, or improved, is a matter that addresses itself solely to the discretion of the common council of a city, as is the further question as to what the character and extent of the work should be; and the courts will not interfere with the exercise of such discretion." Lexington v. McQuillens Heirs, 9 Dana, 523; Deumisnil v. Louisville, &c, 109 Ky., 1; Trustee, &c v. McNabe, 23 R., 811; Duker v. Barber, 25 R., 135.

So where the ordinance directing the work and the manner in which it shall be done is legally passed and the subsequent proceedings with respect to the letting of the contract, the doing of the work, its acceptance by the council and apportioning of the cost, are regular, neither the owners of the abutting property nor the property can escape liability. We will concede that if in adopting the ordinance and requiring the improvement the council acts corruptly, or the doing of the work is confiscatory in effect, the court will not hesitate to relieve the property-owner of liability and declare his property not subject to the lien allowed by the statute.

It appears that when the granitoid sidewalk was constructed in front of appellants' lot there was already one of brick fronting the same which was in fairly good condition, but that the curbing was of oak and there was actually no gutter.

There were other lots, however, on the same side of the street that had no sidewalk in front of them and yet others having granitoid sidewalks. In other words, more than half that side of Powell Street to the extent of the sixteen blocks the ordinance required to be provided with sidewalks was without them. In view of this situation, the common council, in the exercise of the discretion given them by the statute, evidently determined to have along the entire length of the sixteen blocks on Powell Street a sidewalk of uniform width, constructed of the

same substantial material, which left space for a grass plot between the property line and the inside line of the sidewalk, and like space for such plot between the outside line of the sidewalk and the curb and gutter, as was required by the ordinance. No cost for sodding was included in the amount apportioned to appellant's property, but they seem to complain of the leaving of space for sodding on each side of the new sidewalk. A similar complaint was considered by us in Holmes v. Heeter & Son, 146 Ky., 52, but we then held that, where, in the judgment of the council of the city, an entire sidewalk is not needed for public travel, they may, after paving with cement or other suitable material, such part thereof as will, in their judgment, be required for public travel, sod the remainder and assess the entire reasonable cost against the abutting property, as the leveling and sodding of the ground on either side of the sidewalk is an effective way to prevent loose earth, clay and other substances from being washed upon the sidewalk by the rains, which tend to make it slippery and unsafe for travel.

It is true that the brick sidewalk in front of appellants' lot, made six years ago, has not been removed since the new granitoid sidewalk was constructed, but this is because appellants refused to permit appellee or the city authorities to remove it. It is, therefore, appellants' fault that there are two sidewalks in front of their property with a space of several feet between them. As the cost of constructing the old sidewalk was paid by appellants, their right to the brick remaining in it is conceded by the city, and while the city might by ordinance require the removal of the old sidewalk, appellants cannot complain of its failure to do so, as such failure was caused by their objection to its removal.

While we quite agree with appellants' counsel that "absolute and arbitrary power over the lives, liberty and property of freeman exists nowhere in a republic, not even in the largest majority" (section 2, Bills of Rights, Constitution), we find nothing in the record to convince us that appellants or their property have been illegally subjected to the cost of constructing two sidewalks, or that the city council acted capriciously or arbitrarily in requiring the new sidewalk to be constructed.

Section 3455, Kentucky Statutes, relied on by appellants' counsel, does not sustain their contention, as it does not apply where the street improvement, whether

made in the street proper or the sidewalk, amounts to original construction, nor where the location of the sidewalk along the property-owners' line is changed. In the instant case there was both a change of the location of the sidewalk and the construction of a new sidewalk.

We think it fairly apparent from the record that the improvement complained of was properly made, that the steps pursued in effecting it were legal and regular and that the city council in requiring the improvement were in no sense prompted by bad faith. This being true, there is no ground for our holding that the council exceeded its powers; therefore, their action is beyond review or the control of this court. Indeed, the courts are without power to interfere in such a matter, unless the city council in the action taken fails to follow the requirements of the statute, or is prompted by bad faith, or the improvement made amounts to a confiscation of the property charged with the cost thereof.

Judgment affirmed.